**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-00680-REB-CBS

DONALD HELLER,

     Plaintiff,

v.

QWEST COMMUNICATIONS INTERNATIONAL INC.,
QWEST ASSET MANAGEMENT COMPANY, and
JOHN DOES 1-15,

     Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the **Defendants' Motion for Summary Judgment on Plaintiff's Claims** [#41], filed August 22, 2007.  The plaintiff has not had an opportunity to file a response.  However, there is no question that the defendants are entitled to the relief sought in their motion for summary judgment.  Therefore, I exercise my discretion under D.C.COLO.LCivR 7.1.C and rule on the motion without awaiting a response.

### I.  JURISDICTION

I have jurisdiction over this ERISA case under 29 U.S.C. § 1132(e)(1), part of the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. §§ 1001 - 1461, and under 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary.  ***White v. York Int'l Corp.***, 45 F.3d 357, 360 (10th Cir. 1995).  FED. R. CIV. P. 56 (c) provides that the court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P.  56(c); see ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250 (1986); ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir.1994).  In this case, the defendants are entitled to judgment as a matter of law because the plaintiff's claims explicitly have been resolved in a related class action case, ***In re Qwest Savings and Investment Plan ERISA Litigation***, Civil Action No. 02-cv-00464.  The terms of the stipulation of settlement in that case, and the terms of my order approving the stipulation of settlement, bar the plaintiff from pursuing his claims in the above-captioned case.

## III.  ANALYSIS

Plaintiff, Donald Keller, filed the complaint in this case under the civil enforcement provisions of the Employee Retirement Income Security Act (ERISA) § 502(a), 29 U.S.C. § 1132(a).  He seeks relief on behalf of his employee pension benefit plan, known as the Qwest Savings and Investment Plan (the Plan), under ERISA § 409, 29 U.S.C. § 1109.  Keller alleges that the defendants breached their fiduciary duties to the plan when they implemented certain restrictions on the ability of Plan participants and beneficiaries to direct the investment of their account.  Keller

2

complains specifically about restrictions on Plan participants' ability to direct investment of their account in to the Qwest Shares Fund. *Complaint*, ¶ 22. These restrictions were implemented in August of 2002. *Complaint*, p. 4. Keller, a Plan participant, alleged that the Plan suffered losses as a result of the alleged breaches of fiduciary duty.

On January 29, 2007, I entered an Order and Final Judgment [#428] in a class action case captioned ***In re Qwest Savings and Investment Plan ERISA Litigation***, Civil Action No. 02-cv-00464 (the Class Action). The plaintiffs in the class action also asserted claims of breach of fiduciary duty by alleged fiduciaries of the Plan concerning the purchase, retention, and sale of Qwest securities by the Plan. The plaintiff class in the Class Action is defined as:

> All participants in and beneficiaries of the Plan, who owned, bought, sold or held shares or units of the Owest Shares Fund, U S WEST Shares Fund or Qwest Communications International Inc. common stock in their Plan Account, from March 7, 1999, until January 12, 2004.

***In re Qwest Savings and Investment Plan ERISA Litigation***, Civil Action No. 02-cv-00464 (D. Colo January 29, 2007) (Class Action Settlement Order). This settlement class was approved as a non-opt out class under FED. R. CIV. P. 23(b)(1).

Keller is a member of the plaintiff class in the Class Action, and, because the class is a non-opt out class, Keller was prohibited from opting out of the class. Keller filed objections in the Class Action, and he appeared at the settlement hearing in the Class Action. As a member of the plaintiff class, Keller is bound by the terms of the Class Action Settlement Order and by the terms of the Stipulation of Settlement that I approved in that order. *Id.*, Motion for preliminary approval of settlement [#383], filed June 8, 2006, Exhibit 1a (Stipulation of Settlement).

In the Class Action Settlement Order, I approved the Stipulation of Settlement, including the release of claims against the defendants and dismissed the litigation. The release of claims included a broad scope of ERISA and other claims, and specifically included:

> [A]ll claims, demands, rights, liabilities, and causes of action . . . that were asserted or that could have been asserted. . . at any time, in any forum . . . by . . . Settlement Class Members, or any of them, against the Released Persons, arising out of, based upon, or related to any such claim, demand, right, liability, or cause of action if it is described in any one of the following subparagraphs (or if it is described in more than one of the following subparagraphs):
>
> (a) allegations that have been or could have been asserted in the Litigation and that arise from or related to any act, omission, fact, or event alleged in the Litigation;
>
> (b) allegations relating to any alleged fiduciary's breach of duty with respect to the Qwest Shares Fund, the US WEST Shares Fund, or OCII securities, including but not limited to the Plan's acquisition, disposition or retention of QCII securities, the offering of Plan investment options for the purpose of permitting Plan participants to invest in, sell, transfer or otherwise dispose of shares or units of the Qwest Shares Fund . . . or the administration of Plan investment options enabling participants to invest in, sell, transfer or otherwise dispose of shares or units of the Qwest Shares Fund . . .during the Class Period.

Stipulation of Settlement, ¶ 1.40.  Keller's claims in the above-captioned case are within the definition of released claims in the Stipulation of Settlement.

The Class Action Settlement Order includes the following provisions which bar Keller and other members of the plaintiff class from pursuing any other action asserting any released claim:

> 10.  The Lead Plaintiffs, the Plan, the Plan's fiduciaries, all Settlement Class Members, and any other Parties are hereby permanently barred and enjoined from instituting or prosecuting, either directly, indirectly, or in a representative capacity, any other action in any court or any other forum asserting any and all Released Claims and other released claims against any of the Released Persons and others released in the Stipulation.

> 11. All Parties are hereby permanently barred and enjoined from the institution and prosecution, either directly, indirectly, or in a representative capacity, of any actions against any Released Person, Defendants' counsel, any Settlement Class Member, Lead Counsel, or Plaintiffs' Counsel based on any Individual Claim Amount, allocation, or distribution made or not made pursuant to the Plan of Allocation approved in connection with the Final Settlement Approval, in accordance with the terms of the Stipulation.

Class Action Settlement Order, ¶¶ 10 - 11.

In short, the claims Keller asserts in the above-captioned case were resolved in the Class Action and Keller is bound by that resolution. Keller is barred explicitly from prosecuting the ERISA claim he asserts in this case. As the defendants note, "Keller's further pursuit of this action is expressly prohibited by the plain, clear and mandatory language" of Rule 23, the Stipulation of Settlement, and my Class Action Settlement Order. *Defendants' Opening Brief in Support of Their Motion fo rSummary Judgment on Plaintiff's Claims* [#42], filed August 22, 2007. Thus, the defendants are entitled to judgment as a matter of law on the claims asserted by Keller in the above-captioned case.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion for Summary Judgment on Plaintiff's Claims** [#41], filed August 22, 2007, is **GRANTED**;

2. That **JUDGMENT SHALL ENTER** in favor of the defendants and against the plaintiff, Donald Keller;

3. That any other currently pending motions, including **Plaintiff's Motion to Compel Discovery** [#37], filed August 10, 2007, are **DENIED AS MOOT**;

4. That the defendants are **AWARDED** their costs to be taxed by the Clerk of

5

the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR. 54.1; and

    5.  That this case is **DISMISSED WITH PREJUDICE**

Dated August 23, 2007, at Denver, Colorado.

                                  **BY THE COURT:**

                                  **s/ Robert E. Blackburn**
                                  **Robert E. Blackburn**
                                  **United States District Judge**